IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONALD WATKINS, SR, et al., :
    *Plaintiffs*, :
                                :          CIVIL ACTION
        v.                  :          NO. 17-0060
                                :
CITY OF PHILADELPHIA, et al., :
    *Defendants*. :

**ORDER-MEMORANDUM**

**AND NOW**, this 8th day of August 2017, upon consideration of Defendants' Unopposed Motions to Dismiss (ECF No. 9, 17, and 18), it is hereby **ORDERED** that said Motions are **GRANTED**. The Complaint is dismissed in its entirety and with prejudice for the reasons set forth below. The Clerk of Court is directed to close this case for statistical and all purposes.

**DISCUSSION**

Plaintiffs bring this *pro se* action pursuant to 42 U.S.C. § 1983 for alleged violations of his due process and equal protection rights under the Fourteenth Amendment, as well as a pendant state-law claim for fraudulent misrepresentation, against the City of Philadelphia, Chief of Staff Bob Jackson of the Sheriff's Office, Attorney Robert Williams of Milstead & Associates, and the Honorable Linda Carpenter and Nina Wright-Padilla of the Court of Common Pleas. Compl. ¶¶ 4-8, 77-87, ECF No. 4. Defendants filed three separate motions to dismiss on various grounds, including failure to state a claim under Rule 12(b)(6). Plaintiffs have not responded in opposition.

**I.    Standard of Review**

Before granting an unopposed 12(b)(6) motion, a district court should satisfy itself that the complaint does not, in fact, state a claim. *Ray v. Reed,* 240 F.App'x 455, 456 (3d Cir. 2007)

1

(citing to *Stackhouse v. Mazurkiewicz,* 95 l F.2d 29, 30 (3d Cir. 1991)). Under Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). When, as here, the plaintiff is a *pro se* litigant, courts "have a special obligation to construe his complaint liberally." *Zilich v. Lucht*, 981 F.2d 694 (3d Cir. 1992) (citing to *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). Yet, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[A]ll civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." *Fowler*, 578 F.3d at 210 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**II.   Analysis**

Plaintiffs allege, in a conclusory manner, that Defendants acted in concert to allow the unlawful and fraudulent sheriff's sale of Plaintiffs' property because of their "race and color as Black African-Americans." *Id*. at ¶¶ 4-8. When considered in isolation of Plaintiffs' intermingled legal conclusions, the events alleged in the Complaint describe standard, albeit antagonistic, mortgage foreclosure proceedings. After reviewing Plaintiffs' pleadings and

Defendants' arguments, this Court is satisfied that the Complaint does not state a claim under section 1983 against any of the Defendants and may therefore be dismissed in its entirety.

To start, the Third Circuit addressed almost an identical fact pattern in *Conklin v. Anthou*, 495 F. App'x 257 (3d Cir. 2012) (per curiam), and affirmed the district court's decision to dismiss or enter summary judgment on similar federal and state claims. There, a *pro se* plaintiff brought a section 1983 action against a bank, the lawyers that represented the bank, three state-court judges, the Sheriff's Office and the Sheriff's deputy for allegedly engaging in a conspiracy to deprive him of his property through unlawful and fraudulent foreclosure proceedings in violation of his constitutional rights, including due process and equal protection. *Id*. at 260. Although the court's analysis was complicated by the plaintiff's "byzantine history of state-court filings," the Third Circuit agreed that the district court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine to the extent that the plaintiff's claims were based on an adverse state-court mortgage judgment that had allegedly been entered against him. *Id*. at 262. Similarly, here, although the chronology in the pleadings is difficult to follow, the Complaint does allege that a default foreclosure judgment was entered against Plaintiffs, followed by the state court's decision to reject their motion to vacate that judgment for insufficient service. *See* Compl. ¶¶ 7-8, 29, 54-67. Plaintiffs also acknowledge that their claims are based, at least in part, on the "fraudulent default judgment based on improper service." *Id*. at ¶ 77, 85.

That is not the end of the inquiry, however, since the court *does have* subject matter jurisdiction over claims "attacking the parties to the foreclosure proceedings or alleging that the methods and evidence employed were the product of fraud or conspiracy, regardless of whether [the plaintiff's] success on those claims might call the veracity of the state-court judgments into question." *Conklin*, 495 F. App'x at 262 (footnote omitted). For that reason, this Court

3

reinstated Plaintiffs' Complaint after initially dismissing it pursuant to *Rooker-Feldman*. *See* ECF Nos. 4 and 6.

Notwithstanding that earlier decision, Plaintiffs' claims do not survive Defendants' 12(b)(6) motions. As with the judicial defendants in *Conklin*, Judge Carpenter and Judge Wright-Padilla are entitled to absolute immunity from suit and liability for any action undertaken pursuant to their judicial functions, even if "the action [they] took was in error, was done maliciously, or was in excess of [their] authority." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (quoting *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978); *see also Chilcott v. Erie Cty. Domestic Relations*, 283 F. App'x 8, 10 (3d Cir. 2008). None of the factual allegations suggest that these two judges acted outside the scope of their judicial roles or the court's jurisdiction. And because they are being sued in their official capacity, they are also covered by the Commonwealth's Eleventh Amendment immunity. *Conklin*, 495 F. App'x at 263.

The City of Philadelphia, as an arm of the state, is also protected by the Commonwealth's Eleventh Amendment immunity. *See id*. In any event, the pleadings lack any factual allegations to substantiate a claim that "the municipality itself, via an execution of policy or custom" caused the constitutional wrong. *Id*. at 265. The Sheriff's chief of staff, Jackson, who purportedly carried out the foreclosure pursuant to a "*facially* valid" state-court judgment, is also entitled to quasi-judicial immunity. *See id*. at 264 (quoting *Roland v. Phillips,* 19 F.3d 552, 556 (11th Cir. 1994)) (emphasis in original). All claims against these four defendants may thus be dismissed, with prejudice, as a matter of law.

The federal claims against Williams, a private attorney, are also legally untenable as pleaded because he is not a "state actor," nor was he allegedly "acting under color of state law" within the meaning of section 1983. *See id.* at 265; *see also Zebrowski v. Wells Fargo Bank,*

4

*N.A.*, 657 F. Supp. 2d 511, 522 (D.N.J. 2009) (holding that, absent *factual* allegations supporting a conspiracy between a private and state actor, a private party does not act "under color of state law" for merely pursuing a foreclosure action); *Gochenaur v. Juniata Valley Bank*, No. 16-cv-1508, 2016 U.S. Dist. LEXIS 143602, at *20 (M.D. Pa. Oct. 14, 2016) ("The mere fact that a plaintiff alleges that a bank involves a sheriff in foreclosure proceedings brought under state law does not cause the bank and its employees to become state actors who may be sued under section 1983."). Nor does the fact that he was performing "traditional functions" as an attorney, or officer of the court, automatically convert him into a state actor. *Conklin*, 495 F. App'x at 265 (quoting *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999)); *see Polk County v. Dodson,* 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.")).

Furthermore, Plaintiffs have not pleaded any facts, beyond conclusory statements, to suggest any racial or discriminatory animus on the part of any defendant, or to transport their allegations of conspiracy from the realm of possibility to plausibility. *See Conklin*, 495 F. App'x at 265 (citing *Twombly,* 550 U.S. at 570). Finally, as in *Conklin*, this Court declines to exercise supplemental jurisdiction over the remaining state-law claim. *See id*.

In sum, the Complaint cannot survive a 12(b)(6) motion. And, even though Plaintiffs could theoretically amend their pleadings to bolster their conspiracy and discrimination claims against Williams or their municipal liability claim against the City, leave to amend would be inequitable (and possibly futile) since Plaintiffs have not offered any indication, namely in failing to respond in opposition to these motions, that they could allege sufficient facts to survive another motion to dismiss. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that

leave to amend is appropriate, at the district court's discretion, "unless an amendment would be inequitable or futile.") (citing *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002)).  The Complaint is therefore dismissed in its entirety with prejudice.

BY THE COURT:


 */s/  C. Darnell Jones, II*
 C. Darnell Jones, II   J.